United States District Court
Southern District of Texas
FILED

SEP 1 5 2015

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § § | Criminal No. **M-15-1264** |
| ALEXIS ACOSTA-GUZMAN | | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One

### (Conspiracy to Commit Access Device Fraud)

From on or about March 2013 through on or about August 21, 2015, in the Southern District of Texas, and elsewhere and within the jurisdiction of the Court, defendant,

**ALEXIS ACOSTA-GUZMAN**

did knowingly conspire and agree with other persons known and unknown to the grand jurors to violate Title 18, United States Code, Section 1029(a)(3), that is the object of their conspiracy and agreement was to knowingly possess with the intent to defraud fifteen or more unauthorized access devices.

### Object of the Conspiracy

It was the object of the conspiracy to obtain money and things and items of value by possessing and using personal identification information and credit card and debit card account numbers (Access Devices) belonging to other individuals with the knowledge that the information would be used to conduct transactions which misrepresented that the purchases were authorized when in fact they were not.

## Manner and Means of the Conspiracy

In furtherance of the conspiracy, the defendant would distribute access devices, as defined in Title 18, United States Code, Section 1029(e)(1), specifically, credit card and debit card information and means of identification.

In furtherance of the conspiracy, the defendant would transmit funds by wire to individuals in foreign countries that are known to sell stolen credit and debit account numbers (access devices) in exchange for said payment.

In furtherance of the conspiracy, the defendant would procure devices that are used to create physical cards bearing fraudulent access device information and personal identification information.

In furtherance of the conspiracy, the defendant would communicate with others regarding the distribution of access devices to other individuals.

In furtherance of the conspiracy, the defendant would distribute access devices to other individuals.

In furtherance of the conspiracy, the defendant would be present during the use of unauthorized access devices.

In furtherance of the conspiracy, the defendant would possess and use unauthorized access devices.

In violation of Title 18, United States Code, Sections 1029(b)(2).

## Count Two

### (Access Device Fraud - Trafficking)

From on or about November 8, 2013 through on or about November 6, 2014, in the Southern District of Texas, and within the jurisdiction of the Court, defendant,

**ALEXIS ACOSTA-GUZMAN**

knowingly and with intent to defraud, trafficked in one or more unauthorized access devices, and by such conduct, obtained an aggregate amount over $1,000, said trafficking affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(2) and 1029(c)(1)(A)(i).

## Count Three

**(Access Device Fraud – Possessing 15 or More Documents)**

On or about May 07, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALEXIS ACOSTA-GUZMAN**

did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, to wit: credit card account numbers that had been stolen and obtained with intent to defraud, and said possession affected interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3) and 1029(c)(1)(A)(i).

## Count Four

**(Access Device Fraud – Possessing 15 or More Documents)**

On or about November 26, 2013, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALEXIS ACOSTA-GUZMAN**

did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, to wit: credit card account numbers that had been stolen and obtained with intent to defraud, and said possession affected interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3) and 1029(c)(1)(A)(i).

## Count Five

**(Access Device Fraud – Possessing 15 or More Documents)**

On or about November 08, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### ALEXIS ACOSTA-GUZMAN

did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, to wit: credit card numbers that had been stolen and obtained with intent to defraud, and said possession affected interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(3) and 1029(c)(1)(A)(i).

## Count Six

**(Aggravated Identity Theft)**

On or about July 17, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### ALEXIS ACOSTA-GUZMAN

knowingly possessed, without lawful authority, a means of identification of another person, that is the name of D.B. and assigned account number ending in 8678 belonging to D.B., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(3).

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4).

## Count Seven

**(Aggravated Identity Theft)**

On or about October 21, 2014, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### ALEXIS ACOSTA-GUZMAN

knowingly possessed, without lawful authority, a means of identification of another person, that is the name of L.C. and assigned account number ending in 7912 belonging to L.C., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(1).

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4).

## NOTICE OF CRIMINAL FORFEITURE

(18 U.S.C. § 1028A and 18 U.S.C. § 1029)

Pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 1029(c)(1)(C), the United States gives notice to the defendant,

## ALEXIS ACOSTA-GUZMAN

that in the event of conviction of a violation of Title 18, United States Code, Sections 1028A or 1029 as charged herein, the following is subject to forfeiture:

1. all property constituting, or derived from, proceeds obtained directly or indirectly as the result of the violation; and
2. all personal property used or intended to be used to commit the violation.

### Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

The defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p) as incorporated by reference in Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

*[signature]*
_____
ASSISTANT UNITED STATES ATTORNEY